IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 2:16-cr-57-KRG-KAP |
| STEVEN P. GRADOS, | :(Case No. 2:19-cv-1626-KRG-KAP) |
| Movant | : |

<u>Memorandum</u>

I filed a Report and Recommendation at ECF no. 121 recommending that the motion to vacate filed at ECF no. 91 be denied, to which the movant filed objections at ECF no. 122. I write to clarify the record on one point raised by the objections.

Movant objects that he

> made Judge Keith A. Pesto aware that the official court trial transcript was edited with evidence still existing in the transcript that substantiates the movant's claim. The movant filed a motion making Judge Pesto aware of this fact which he immediately dismissed. ECF no. 122 at 1-2.

Movant filed at ECF no. 106 a pleading styled "Motion to Advise the Court of Missing Testimony in the Trial Transcript." I understood the pleading as making argument rather than a proper motion when I mentioned it in the course of denying it and several other pleadings styled as motions. *See* Order at ECF no. 110. I continue to regard it as argument and not a motion at all. In full, what movant presented was three numbered paragraphs of one sentence each:

> 1. Upon careful review of the entire court transcript for the above case, it has been discovered that part of the record is missing.
> 2. There are indicators that are still present in the current transcript that substantiate this claim.
> 3. The entire record is required to ensure fairness in this proceeding. ECF no. 106.

This is not, even minimally, even giving movant every bit of latitude due to his *pro se* status, a motion to correct the record. There are not many reported cases discussing the procedure properly used to correct the record. The best example I have read recently is the Eastern District of California's recounting, in a habeas corpus decision, the trial court's actions in addressing a transcript error claim. <u>Rezaei v. Sisto</u>, 2010 WL 796992, at *23 (E.D. Cal. Mar. 5, 2010). The court cited what is probably the *locus classicus* of cases with transcript error claims, namely the Caryl Chessman prosecution. In that case the California Supreme Court stated: "Inconsequential inaccuracies or omissions in a record cannot prejudice a party; if in truth there does exist some consequential inaccuracy or omission, the appellant must show what it is and why it is consequential." <u>People v. Chessman</u>, 35 Cal.2d 455, 462, 218 P.2d 769 (1950). In other words, to place an issue

before the court the movant must make a specific claim, the claim must relate to a nontrivial point in the record, and there must be evidence of the objecting party's construction. Movant's argument in ECF no. 106 that he believed that the record is not accurate in some unspecified way did not, as he argues in his Objections, "ma[k]e [me] aware" of anything, nor did it call for any further hearing in this matter. If it did, every defendant could maintain a collateral attack on every conviction indefinitely, simply by claiming the transcript contained an error.

Movant did file a notice of appeal from my Order in ECF no. 110 that went to the Court of Appeals. Appeals from magistrate judge decisions in nonconsent cases go first to the presiding district judge. In considering the movant's objections this Court should treat movant as also having appealed my Order in ECF no. 110. Because I have already ruled that movant makes no valid claim of transcript error (and therefore is not entitled to an evidentiary hearing thereon) and the appeal from that ruling is properly before the Court, this memorandum does not start a new period to file objections under 28 U.S.C.§ 636(b)(1).

DATE: 22 January 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Steven P. Grados
211 Thomas Drive
Pittsburgh, PA 15236

2